55 A.3d 65

VALERIA HEADEN, PLAINTIFF–APPELLANT, v. JERSEY CITY
BOARD OF EDUCATION, DEFENDANT–RESPONDENT.

Argued September 10, 2012—Decided November
15, 2012—Revised January 11, 2013.

*Mark Pfeffer* argued the cause for appellant (*Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill,* attorneys).

*Robert E. Levy* argued the cause for respondent (*Scarinci & Hollenbeck*, attorneys; *Mr. Levy, Kathleen J. Devlin, Candida J. Griffin*, and *Charles H. Friedrich*, on the briefs).

*Donna M. Kaye* submitted a brief on behalf of amicus curiae New Jersey School Boards Association (*Cynthia J. Jahn*, General Counsel, attorney).

Justice LaVECCHIA delivered the opinion of the Court.

Plaintiff Valeria Headen is a ten-month employee in the career service in the Jersey City School District (District). The District is subject to the provisions set forth in the New Jersey Civil Service Act, *N.J.S.A.* 11A:1–1 to :12–6 (Civil Service Act or Act), because it opted to adopt Title 11A, *see N.J.S.A.* 11A:9–2 to –7 (establishing means by which political subdivisions may become civil service jurisdictions). As a food service worker, she works a full day, ten months per year, in accordance with the school calendar. Headen commenced this action against her employer, seeking declaratory relief and compensation for vacation time that she claimed was due to her and to fellow class members, under Civil Service Act requirements governing vacation leave for career service employees of political subdivisions.

The trial court granted plaintiff's employer's motion for summary judgment and dismissed the complaint. The court concluded that the Civil Service Act's vacation leave provisions are inapplicable to ten-month school employees of plaintiff's class. Amplifying the reasoning in support of that conclusion, the Appellate Division affirmed. *Headen v. Jersey City Bd. of Educ.*, 420 *N.J.Super.* 105, 108, 18 *A*.3d 1072 (App.Div.2011). We granted certification to review the matter. 208 *N.J.* 370, 29 *A*.3d 742 (2011). We now hold that the judgment dismissing Headen's claim is affirmed, but the rationale for that judgment is modified.

School districts that have adopted the Civil Service Act are political subdivisions for purposes of the Act's requirements. Thus, the Act's provisions apply except for the few statutory exemptions that free school districts from certain of the Act's

requirements. In this appeal, we hold that the Civil Service Act's paid vacation leave provisions apply to career service, non-teaching staff employees of school districts that have opted to be part of the civil service system, including ten-month employees in the career service like plaintiff. The Act and its implementing regulations establish a floor for the amount of leave to be provided to such school district employees. We further hold Headen's claim properly was dismissed because a collectively negotiated agreement has already provided her with more than the minimum paid vacation leave to which she is entitled under the Act. The matter is remanded to the trial court for further proceedings consistent with this opinion.

I.

Plaintiff is employed by the defendant Jersey City Board of Education (Board)[1] as a food service worker on a full-time ten-month basis. She filed a complaint in February 2009 against the Board alleging that because the District is governed by the provisions of the Civil Service Act,[2] she and potential class members are entitled to vacation leave under the Act, specifically *N.J.S.A.* 11A:6–3 and –7, and the Act's implementing regulations.

*N.J.S.A.* 11A:6–3 provides as follows in respect of the minimum amount of paid vacation time:

Vacation leave for full-time political subdivision employees shall be at least:

a.  Up to one year of service, one working day for each month of service;

b.  After one year and up to 10 years of continuous service, 12 working days;

c.  After 10 years and up to 20 years of continuous service, 15 working days;

d.  After 20 years of continuous service, 20 working days; and

---

[1] The District has been State-operated since the provisions of *N.J.S.A.* 18A:7A–15 were initiated by the State Department of Education, effecting a take-over of the District's operations.

[2] Chapter 9 of Title 11A establishes the means by which a school district having an elected school board may adopt the Act's provisions through voter referendum. *See N.J.S.A.* 11A:9–5, –6. According to the New Jersey Civil Service Commission's published list of civil service jurisdictions, the Jersey City School District adopted the Act's provisions.

e. Vacation not taken in a given year because of business demands shall accumulate and be granted during the next succeeding year only; except that vacation leave not taken in a given year because of duties directly related to a state of emergency declared by the Governor may accumulate at the discretion of the appointing authority until, pursuant to a plan established by the employee's appointing authority and approved by the commission, the leave is used or the employee is compensated for that leave, which shall not be subject to collective negotiation or collective bargaining.

*N.J.S.A.* 11A:6–7 directs that a proportionate amount of leave be provided for part-time employees of political subdivisions covered by the Act. By regulation, the Civil Service Commission, which is the successor to the former Merit System Board, *see L.* 2008, *c.* 29, has specified how leave time shall be calculated for full- and part-time employees in the career service of State and local appointing authorities, *see N.J.A.C.* 4A:6–1.2 (governing vacation leave).

By order dated August 31, 2009, the trial court certified the matter as a class action, with the class defined as "all full-time ten-month employees of the Jersey City Board of Education in career service (excluding employees in the unclassified service)." There is no dispute that proper notice was sent to all class members.

When plaintiff commenced her action, the terms and conditions of her employment were governed through collectively negotiated agreements (CNAs). We draw our recitation of the facts from the pertinent CNA in effect at the commencement of litigation. In addition, we rely on unrebutted statements from the certification provided by the District's Assistant Business Administrator, Adrian Podzielny, submitted in opposition to plaintiff's motion for summary judgment and in support of the Board's cross-motion for summary judgment.

Based on the Assistant Business Administrator's certification, plaintiff and her fellow ten-month employee class members are salaried employees whose "annual pay is based on 200 work days, which encompass the paid recesses and her two-day convention leave." The CNA specifically requires one-hundred-eighty-six actual work days which "exclude[s] weekends, holidays, Christmas and Spring recess, and the NJEA convention recess." In accor-

dance with the CNA, during the school year, the 776 potential class members have "at least twenty-eight days off with pay—11 days off with pay for recesses, 2 days off with pay for conventions, and 15 days off with pay for holidays." The certification affirms that, as a ten-month employee, plaintiff's salary has never been reduced for her absences from work during breaks or holidays. Plaintiff has not submitted any evidence to the contrary.

After discovery was complete, plaintiff filed a motion for partial summary judgment, which the Board opposed. The Board also filed a cross-motion for summary judgment. The trial court granted the Board's motion while denying plaintiff's motion.

In granting summary judgment to the Board, the trial court found *N.J.S.A.* 11A:6–3 inapplicable to school district employees for three reasons. First, the court noted that school district employees do not receive traditional "vacation" days because they are not employed during the summer and they receive paid time-off days during scheduled winter and spring school breaks. Thus, the court determined that an expansive application of *N.J.S.A.* 11A:6–3 allowing even more "unscheduled" paid vacation leave would not further the objectives of the Civil Service Act. Second, the court relied on Title 18A, a separate Title compiling statutes governing public education. The court viewed the comprehensive nature of Title 18A as evidence that the Civil Service Act provisions were not meant to apply in school settings. In particular, the trial court pointed to *N.J.S.A.* 18A:30–9, which addresses the carry-over of vacation leave for school district employees, to support a finding that other statutes and rules from the civil service sphere are inapplicable. Third, the trial court declined to expand the reach of *N.J.S.A.* 11A:6–3, which addresses vacation leave for full-time employees of political subdivisions but does not mention full-time ten-month employees, through application of an implementing regulation that addresses, among other employee categories, ten-month employees. The court concluded that the Civil Service Commission lacked authority under *N.J.S.A.* 11A:6–3 to "determine [by regulation] the amount of vacation leave for

political subdivision employees or ten-month employees" in this school district setting.

The Appellate Division similarly determined that *N.J.S.A.* 11A:6–3 does not apply to full-time ten-month school district employees. *Headen, supra,* 420 *N.J.Super.* at 114, 18 *A.*3d 1072. Essentially, the panel's analysis rested on its belief that the term "political subdivision" in the vacation leave provision did not include school districts. Additionally, the panel found it persuasive that the Legislature's enactment of school laws addressing vacation leave in Title 18A indicated that the Legislature did not intend for Title 11A, Chapter 6 to apply to school district employees. *Id.* at 118–19, 18 *A.*3d 1072. With respect to the Civil Service Commission's regulation concerning part-time and ten-month employees' receipt of proportionate paid leave, *see N.J.A.C.* 4A:6–1.2, the panel concluded that the regulation was inapplicable because it contains "no reference to 'full-time ten-month *school district* employees.'" *Headen, supra,* 420 *N.J.Super.* at 119, 18 *A.*3d 1072 (emphasis added). Finally, the Appellate Division commented, in agreement with the trial court, that its decision was consistent with "the longstanding practice to include time off from work through built-in school breaks," as reflected in the terms of the CNA. *Ibid.*

## II.

■ This appeal involves first and foremost a question of interpretation of Title 11A. We are called on to assess how the Legislature intended Title 11A to apply to a discrete term and condition of employment for full-time ten-month school district employees.

Plaintiff claims that the District is a political subdivision bound by the Civil Service Act as a whole because the District elected to adopt the provisions of the Act, and that the plaintiff class of full-time ten-month employees is entitled to receive vacation leave consistent with the requirements of *N.J.S.A.* 11A:6–3 and *N.J.A.C.* 4A:6–1.2(e) governing political subdivisions. She emphasizes that

the term "political subdivision" does not exclude school districts and notes that *Black's Law Dictionary* defines "school district" as "[a] political subdivision of a state." *Black's Law Dictionary* 1463 (9th ed.2009). She also points to *N.J.S.A.* 11A:3–5, which contains a specific exclusion for certain school district employees, as evidence that Title 11A otherwise includes within its coverage school district employees when a school district becomes a political subdivision subject to the Act. She argues that the exclusion would be unnecessary if Title 11A did not apply generally to employees of such districts.

In addition, plaintiff makes a number of related arguments. First, she argues that the Appellate Division's reliance on *N.J.S.A.* 18A:30–9.1 is misplaced. She claims that Title 18A's provision governing accrual and carry-over of leave time is and remains relevant to employees of school districts that have not adopted the Civil Service Act as well as for other categories of school employees. She contends, however, that once the voters of a school district approve the adoption of the provisions of Title 11A, the Act in its entirety has been adopted for school employees in the career service. Title 18A cannot be construed to override her rights under the Civil Service Act unless the Act so provides. Second, plaintiff disputes the panel's reasoning that *N.J.A.C.* 4A:6–1.2 is inapplicable and that, even if it were applicable, that subsection (e) only applies to State employees. She contends that subsection (e) is not specifically limited to State employees, as are other subsections of that rule, and reasons that the rule's requirement in respect to ten-month employees "is meant to apply to both State and local employees." Third, plaintiff argues that the CNA guarantees employees all statutory rights, and she maintains that she is being denied statutorily mandated vacation leave that must be provided in addition to the leave time provided through her CNA.

Defendant fundamentally disputes that *N.J.S.A.* 11A:6–3 applies to ten-month school district career service employees. Defendant notes that portions of Chapters 6 and 9 of the Civil Service Act

differentiate between political subdivisions and school districts. Therefore, because school districts were not specifically mentioned as included within the reference to "political subdivision" in *N.J.S.A.* 11A:6–3, defendant contends that the Legislature did not intend to include school district employees within the provision's scope. Defendant supports that argument by pointing to extrinsic statutes that use the term "political subdivision" in conjunction with the term "State." Consistent with that position, defendant further maintains that *N.J.A.C.* 4A:6–1.2, implementing the Civil Service Act's vacation leave provisions, is inapplicable to ten-month school district employees.

At bottom, defendant maintains that plaintiff's vacation leave is governed only by the applicable CNA and that consistent with the CNA and "long standing practice" within the District, she receives approximately twenty-eight days of leave time in accordance with scheduled breaks during the academic year. If the CNA alone does not exclusively control plaintiff's right to paid vacation time and plaintiff is entitled to a minimum amount of vacation leave under the Civil Service Act, then defendant's alternative argument is that she has not been denied any appropriate leave time. Defendant calculates that plaintiff would be entitled to ten days of vacation under the Act's paid vacation leave requirements. Currently, pursuant to the CNA, plaintiff receives thirteen leave days during prescribed school breaks and, thus, because the Act does not regulate the way in which leave is to be granted, plaintiff already receives more than her full entitlement to paid vacation days off under the Act.

## III.

Leave time for employees in the public sector is a term and condition of employment within the scope of negotiations, unless the term is set by a statute or regulation. *See State Troopers Fraternal Ass'n of N.J. v. State,* 149 *N.J.* 38, 51, 692 *A.*2d 519 (1997) (stating that collective negotiations are permitted over terms and conditions of employment except where "statute or

regulation 'speak[s] in the imperative' regarding a particular term of employment ... effectively preempting negotiation over that term, and is itself deemed to be incorporated into the employment agreement"); *Twp. of W. Windsor v. Pub. Emp't Relations Comm'n*, 78 *N.J.* 98, 116, 393 *A.2d* 255 (1978) (same). The question in this appeal thus requires an initial examination into whether a statute or regulation controls the subject of plaintiff's paid leave time, which is otherwise addressed in the CNA governing plaintiff's terms and conditions of employment.

Plaintiff claims that it is the Civil Service Act's guarantee of minimum vacation leave to full-time employees of political subdivisions that elect to be governed by the Act that controls in her case. There is no dispute between the parties, or indeed on this record, that the Jersey City School District has opted in to the civil service system. *See* N.J. Civil Serv. Comm'n, Civil Service Jurisdictions, http://www.nj.gov/csc/about/divisions/slo/jurisdictions.html (last visited Nov. 2, 2012). Nevertheless, the defendant Board asserts that the Act's provision governing minimum vacation leave for full-time employees of political subdivisions does not apply because a school district is not a "political subdivision" for the Act's leave calculation purposes.

The Civil Service Act, once adopted by a local governmental entity, provides a comprehensive framework. *See Commc'ns Workers v. N.J. Dep't of Pers.*, 154 *N.J.* 121, 126, 711 *A.2d* 890 (1998) (noting Act's purpose to "ensure efficient public service for state, county, and municipal government"). Nothing in the Act supports the conclusion that a political subdivision opting into the civil service system adopts some but not all of its provisions. Certainly no such limiting adoption notice would appear to be permitted by Chapter 9, which sets forth how a "political subdivision" may become a civil service political subdivision.

The opt-in provisions of Chapter 9 are available to any "political subdivision" that was not a participant in the civil service system at the time of adoption of Title 11A in 1986, *see N.J.S.A.* 11A:9–1, and the Chapter specifically references municipalities, *N.J.S.A.*

11A:9–2, counties, *ibid.*, and school districts, *N.J.S.A.* 11A:9–5, as eligible to utilize Chapter 9's referendum procedure, *see N.J.S.A.* 11A:9–2 (describing means by which question of adoption of Title 11A shall be presented to voters), –6 (providing further detail on means for voter adoption of Title 11A), and –5 (rendering opt-in procedures applicable to school districts). The afore-cited procedures that a "political subdivision" must use in connection with the opt-in process emphasize, through consistent repetition, that the voters are asked to adopt the Title as a whole.

In other words, unless an exclusion provides otherwise, a school district opting to become a political subdivision subject to the Act cannot pick and choose among the Act's provisions for those it wishes to follow. The proof of that lies in the carefully drawn exceptions from Title 11A's otherwise obligatory demands. For example, for political subdivisions, certain groups of unclassified employees are specifically exempted from Title 11A's terms. *See N.J.S.A.* 11A:3–5 (exempting generally political subdivision employees in unclassified service from Title 11A's application unless Act otherwise specifies). In describing the specifically identified groups of unclassified employees of political subdivisions made generally exempt from the Act's requirements, school districts are plainly treated as "political subdivisions." *See N.J.S.A.* 11A:3–5(g) (exempting, as part of "political subdivision unclassified service," school districts' "teaching staff, as defined in *N.J.S.A.* 18A:1–1," among other school district employees). Put simply, Title 11A treats school districts that have opted to adopt it as "political subdivisions" subject to all obligations under the Act, except where there is a specific exemption.

School districts that opt to become civil service jurisdictions can only be regarded as political subdivisions under the Act. That was the designation through which such entities opt in, *see N.J.S.A.* 11A:9–5, and agree to be governed by Title 11A's provisions. There is no other applicable, distinct category for school districts under Title 11A.

Moreover, because Title 11A provides clear exemptions to school districts in the civil service system, *see, e.g., N.J.S.A.* 11A:3–5(g), and no such exemption exists in either *N.J.S.A.* 11A:6–3 (governing vacation leave for full-time career service employees of political subdivisions) or –7 (prescribing pro-rata leave benefits for part-time employees of political subdivisions), we see no merit whatsoever to any argument that Title 11A's provisions governing vacation leave for employees of political subdivisions were not meant to apply to the employees in the career service of civil service school districts.

Having concluded that *N.J.S.A.* 11A:6–3 (with the pro-rata requirement imposed by *N.J.S.A.* 11A:6–7) applies to school districts that have become political subdivisions subject to the Act, we turn to the statute's requirements. The plain language of *N.J.S.A.* 11A:6–3 clearly sets the minimum vacation leave that must be available to full-time career employees of civil service political subdivisions. Our job is to enforce the words that the Legislature has written. *See Bosland v. Warnock Dodge, Inc.,* 197 *N.J.* 543, 553, 964 *A.*2d 741 (2009) (noting that Court's role "is to determine and effectuate the Legislature's intent"). There is nothing in the Act that overtly states, or implies, that some other provision of law must apply in determining the right to minimum paid vacation leave for full-time employees in the career service of school districts that have opted in to the civil service system, outside of a collective bargaining agreement agreeing to more than the minimum set by statute. *See State Troopers Fraternal Ass'n, supra,* 149 *N.J.* at 51, 692 *A.*2d 519. Furthermore, the parties do not point to any statute in either Title 11A or in the companion set of school laws codified in Title 18A otherwise establishing a conflicting minimum vacation leave requirement.

To be sure, Title 18A contains provisions addressing accrued vacation leave for certain employees of school boards and capping the carry-over of such accrued leave time. *See N.J.S.A.* 18A:30–9, –9.1. However, nothing in those Title 18A provisions conflicts with Title 11A's guaranteed annual vacation leave because a cap

on accrued leave and a limitation on carry-over of accrued time are not irreconcilable with minimum annual leave requirements. Moreover, the Title 18A enactments do not indicate, in any way, that Title 11A's leave provision was not intended to apply to career employees in school districts that have adopted the Act. *N.J.S.A.* 18A:30–9 applies to its own specified class of high-level officials and employees identified by definition in its terms. *Cf. N.J. Ass'n of Sch. Adm'rs v. Schundler,* 211 *N.J.* 535, 556–57, 49 *A.*3d 860 (2012) (noting same for companion legislation codified at *N.J.S.A.* 18A:30–3.5, as part of same legislative enactment, *see L.* 2007, *c.* 92, §§ 44, 46). As for *N.J.S.A.* 18A:30–9.1, even if it does apply more broadly, beyond the high-level officers and employees previously referenced, it has its own applicability to teaching staff members as well as to non-teaching staff members in school districts that have not opted in to the civil service system.

Thus, on their face, the Title 18A provisions do not demonstrate any intent to override Title 11A's applicability to career employees for school districts that have elected to become subject to Title 11A. We presume that the Legislature was aware of its own enactments and did not intend to create intentional conflict between the two statutory schemes without expressly overriding provisions. Implied repealers are disfavored. *See Voss v. Tranquilino,* 206 *N.J.* 93, 95, 19 *A.*3d 470 (2011) ("There is a strong presumption against repealing statutory provisions by implication."). In sum, we find that Title 18A is not conflicting, and it certainly does not render Title 11A's minimum paid leave requirements inapplicable.

To conclude, only the Civil Service Act applies in our assessment of plaintiff's claim regarding minimum paid vacation leave. Importantly, before this Court at oral argument, defendant conceded as much, abandoning any argument heretofore advanced that the Civil Service Act and its implementing regulations do not apply to the question before us. With defendant now conceding the application of Title 11A to this matter, we turn to interpret the statute and implementing regulation of the Civil Service Commis-

sion, utilizing familiar principles of statutory interpretation as our guide.

## IV.

As noted, plaintiff claims an entitlement to paid vacation leave pursuant to *N.J.S.A.* 11A:6–3, the statute that establishes the minimum amount of vacation leave required for full-time employees of political subdivisions. *N.J.S.A.* 11A:6–7 provides that part-time employees are to be provided "proportionate vacation, sick and administrative leave." *See N.J.S.A.* 11A:6–5 (addressing sick leave for full-time state and political subdivision employees), –6 (addressing state administrative leave for eligible employees). In *N.J.A.C.* 4A:6–1.2, the Civil Service Commission has compiled rules on vacation leave, addressing in the multiple subparts various categories of employees. Subsection (a) addresses vacation leave for full-time state employees and is, therefore, inapplicable to the instant matter. Subsection (b) addresses full-time "local employees," and subsection (e) addresses part-time and ten-month employees. For ease of reference the pertinent parts of the implementing regulation are set forth in full:

> (b) From initial employment up to the end of the first calendar year, annual paid vacation leave for full-time local employees shall be at least the amounts specified in (a)1 and (a)2 above. Thereafter their vacation leave shall be at least:
>
> 1. From the beginning of the first full calendar year of employment and up to 10 years of continuous service, 12 working days;
>
> 2. After 10 years of service and up to 20 years of continuous service, 15 working days; and
>
> 3. After 20 years of continuous service, 20 working days.
>
> . . . .
>
> (e) Part-time and 10–month employees shall be entitled to a proportionate amount of paid vacation leave. See *N.J.A.C.* 4A:3–3.8(f) for paid vacation leave to which State employees in intermittent titles are entitled.
>
> [*N.J.A.C.* 4A:6–1.2.]

The principles governing statutory interpretation are well-established and familiar. In pursuit of our goal to determine and effectuate legislative intent, we "look first to the plain language of the statute, seeking further guidance only to the extent

that the Legislature's intent cannot be derived from the words that it has chosen." *Pizzullo v. N.J. Mfrs. Ins. Co.*, 196 *N.J.* 251, 264, 952 *A.*2d 1077 (2008). In general, we read the words that were chosen "in accordance with their ordinary meaning." *Marino v. Marino*, 200 *N.J.* 315, 329, 981 *A.*2d 855 (2009). In furtherance of the effort to discern legislative intent, we take into consideration the entire scheme of which a provision is "a part." *Merin v. Maglaki*, 126 *N.J.* 430, 436, 599 *A.*2d 1256 (1992) (internal quotation and citation omitted); *see also Boardwalk Regency Corp. v. N.J. Casino Control Comm'n*, 352 *N.J.Super.* 285, 300, 800 *A.*2d 157 (App.Div.), *certif. denied*, 174 *N.J.* 366, 807 *A.*2d 197 (2002) ("Legislative intent is to be gleaned from the entire statute, ... read so that each provision aligns with the intent of the entire act."). The same rules of construction that apply to the interpretation of statutes guide our interpretation of regulations. *U.S. Bank, N.A. v. Hough*, 210 *N.J.* 187, 199, 42 *A.*3d 870 (2012).

The regulatory requirements contained in subparts (b) and (e) cited above, in combination, plainly address ten-month employees, but defendant contends that subsection (e) of the regulation must only contemplate ten-month *state* employees. We see no reason to read the language of subsection (e) so narrowly. Indeed, the applicable first sentence of the subpart contains no such restriction; however, the second sentence of the very same subsection narrows its application to state employees when addressing intermittent titles. We will not read in a narrowing term that the promulgating authority did not itself insert in the first sentence of subsection (e).

Nor do we credit the argument that the Civil Service Commission lacked authority to promulgate this rule addressing vacation leave for employees of political subdivisions who are referred to in the regulation as "local employees." The Civil Service Commission was delegated rule-making authority regarding leaves of absence, *see N.J.S.A.* 11A:6–1, and it has adhered to the statutory direction for the provision of vacation leave for full-time employees

in political subdivisions and for the provision of proportionate time for part-time employees that pivots off the amounts set forth for full-time employees. *See N.J.S.A.* 11A:6–7. We view *N.J.A.C.* 4A:6–1.2(e)'s crafting of proportionate time for ten-month full-time employees as a reasonable interpretation of the statutes over which the Commission has regulatory authority.

That said, we consider the enforcement of those rights in plaintiff's case. Plaintiff is a ten-month employee, although she works full time while she is actively in service. By application of *N.J.A.C.* 4A:6–1.2(e) then she is entitled to ten-twelfths of the time allowed to a full-time employee of a political subdivision under *N.J.A.C.* 4A:6–1.2(b), which calculation depends on the number of her years of service but otherwise accords with the provisions of *N.J.S.A.* 11A:6–3. According to the Board's calculation, she is entitled to ten days of paid vacation leave based on her three years of service at the time her complaint was filed. The CNA provides her with more than that minimum amount guaranteed by statute, even assuming that legal holidays are not included in the calculation. *See N.J.S.A.* 18A:25–3 (declaring that no teaching staff member shall be required to perform duties "on any day declared by law to be a public holiday" and voiding any contrary contractual provisions); *see also N.J.S.A.* 11A:6–24.1 (listing paid holidays granted to State government employees). That the leave must be taken on school breaks does not mean that it is not paid vacation leave. *N.J.A.C.* 4A:6–1.2(g) authorizes a local employer such as the Board to exert control over the scheduling of vacation leave. It is acceptable to require career employees to use vacation time during scheduled breaks in the academic year.

In sum, plaintiff had received all of the paid vacation leave, and more, to which she was entitled under Title 11A when she filed her complaint through the provisions of her CNA. Her rights have not been denied. The trial court's dismissal of her claim was appropriate and the Appellate Division judgment affirming that dismissal is affirmed as to her. We remand to the trial court for further

proceedings and leave to the trial court's discretion how best to proceed with any remaining viable claims.

## V.

The judgment of the Appellate Division, as modified by this opinion, is affirmed, and the matter is remanded.

*For affirmance as modified*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, HOENS and PATTERSON—5.

*Opposed*—None.