39 A.3d 906 (2012)
425 N.J. Super. 42
BURLINGTON COUNTY BOARD OF SOCIAL SERVICES, Petitioner-Respondent,
v.
G.W., Respondent-Appellant.
Docket No. A-5974-09T2
Superior Court of New Jersey, Appellate Division.
Argued February 14, 2012.
Decided March 27, 2012.
David D. Gladfelter, Atlantic City, argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Mr. Gladfelter and Kenneth M. Goldman, on the brief).
Molly Moynihan, Deputy Attorney General, argued the cause for respondent (Jeffrey S. Chiesa, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Ms. Moynihan, on the brief).
Before Judges PARRILLO, SKILLMAN[1] and HOFFMAN.
*907 The opinion of the court was delivered by
HOFFMAN, J.S.C. (temporarily assigned).
Appellant, G.W., appeals from the final decision of the Director of the Division of Family Development terminating his General Assistance (GA) and Emergency Assistance (EA) benefits. Appellant contends his benefits were improperly terminated based on his eligibility for federal Social Security Disability (SSD) benefits, even though he had yet to receive any SSD benefits as of the date of the termination. For the reasons that follow, we affirm.
We briefly set forth the relevant facts. In September 2007, appellant, a fifty-four-year-old unemployable single adult without dependent children, began receiving GA and EA benefits administered by respondent, Burlington County Board of Social Services (the Board). In May 2009, appellant applied to the federal Social Security Administration (SSA) for benefits. On January 16, 2010, appellant received notice that he had been approved for Supplemental Security Income for the period June 1, 2009 through January 31, 2010 in a lump sum of $4,688. This amount was forwarded to the Board as partial repayment for the $15,060 in GA and EA benefits appellant received during that time period. The same notice advised appellant he was entitled to monthly SSD payments in the amount of $1,047, effective February 1, 2010. In February 2010 the SSA notified the Board that appellant's application had been approved.
In March 2010, appellant received notice from the Board that his GA and EA assistance would be terminated effective April 1, 2010. At the time his benefits were terminated, appellant was receiving monthly GA benefits in the amount of $210, and EA benefits in the form of housing support.
As to the reason for the termination, the letter advised appellant: "You are now receiving RSDI."[2] Although the letter did not reference a specific regulation providing a basis for termination, it is evident that the termination was due to the fact that appellant's eligibility for SSD placed his "countable income" above the maximum limit for a person to be eligible for GA assistance. With the addition of $1,047 in monthly SSD payments, appellant's countable income exceeded the $210 in GA benefits for a single unemployed adult with no children.
Appellant requested, and was granted, a hearing before an Administrative Law Judge (ALJ) to contest the termination. See N.J.A.C. 10:90-9.3(a). Pending a final decision, appellant continued to receive GA and EA assistance. See N.J.A.C. 10:90-9.3(e). At the hearing, which was held on April 28, 2010, appellant testified that despite the notification of eligibility, he had not received any SSD payments.
In its written opinion issued May 18, 2010, the ALJ found that the SSD benefits for which appellant had been approved were properly included in his countable income, even though he had not received any payments. The ALJ therefore found the addition of these benefits placed appellant's countable income above the maximum limit for eligibility for GA assistance.[3] *908 The ALJ further made credibility findings adverse to appellant regarding his alleged efforts to obtain his SSD benefits, describing his testimony as "inconsistent and conflicting."[4] The ALJ therefore affirmed the Board's decision to terminate appellant's benefits. On June 24, 2010, the Director of the Division of Family Development issued a final decision, adopting the ALJ's decision in full. Appellant now appeals this decision.
When reviewing a final decision of an administrative agency, our scope of review is limited. In re Herrmann, 192 N.J. 19, 27, 926 A.2d 350 (2007). "A strong presumption of reasonableness attaches to the actions of administrative agencies." In re Vey, 272 N.J. Super. 199, 205, 639 A.2d 724 (App.Div.1993), aff'd, 135 N.J. 306, 639 A.2d 718 (1994).
In reviewing an agency's interpretation of a regulation it is charged with enforcing, we generally defer to the agency's construction of that regulation. Allen v. Bd. of Trustees, Police & Firemen's Ret. Sys., 233 N.J.Super, 197, 207, 558 A.2d 496 (App. Div.1989). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, supra, 192 N.J. at 27-28, 926 A.2d 350.
Here, appellant contends his GA and EA benefits should not have been terminated based on regulations promulgated under the Work First New Jersey General Public Assistance Act, N.J.S.A. 44:8-107 to  145.5. This act provides State-funded general public assistance to needy single adults and couples without dependent children. See N.J.S.A. 44:8-109. Local municipal or county welfare agencies are charged with administering the program and disbursing benefit payments. N.J.S.A. 44:8-110.
In accordance with its statutory responsibilities, DHS is charged with promulgating regulations to facilitate the administration of the program. N.J.S.A. 44:8-110.3. Accordingly, DHS promulgated N.J.A.C. 10:90-3.1, which provides that eligibility for GA benefits "shall be determined according to standards of countable income (earned and unearned) and countable resources." In promulgating N.J.A.C. 10:90-3.1, DHS intended to include all countable income and countable resources "that are available to an assistance unit," and not necessarily only income and resources actually received by the applicant. 29 N.J.R. 3971(b) (Sep. 15, 1997) (emphasis added).
To determine the income of an applicant for GA benefits, the county agency shall consider all earned and unearned income by utilizing a "prospective budgeting methodology." N.J.A.C. 10:90-3.11(a). Specifically, "benefits calculations shall be based on an estimate of the assistance unit's income." Ibid. (emphasis added). This income estimate "is based on the assistance unit's and the agency's reasonable expectations and knowledge of current, past and future circumstances." Ibid. (emphasis added).
At the administrative hearing, the ALJ rejected appellant's argument that *909 the regulations required the "actual receipt" of SSD benefits. Applying N.J.A.C. 10:90-3.11(a), the ALJ concluded the SSD benefits must be included in appellant's countable income because the "normal expectation is that these benefits have or will be paid" to appellant. This conclusion accords with the regulatory mandate that the Board employ a "prospective budgeting methodology" in computing appellant's countable income. Ibid.
There is no indication that the Board acted outside of its authority, or contrary to regulations, in estimating appellant's countable income based upon the "reasonable expectations and knowledge" that appellant would be entitled to and would receive SSD benefits effective February 1, 2010. Ibid. Appellant failed to produce any credible evidence that his receipt of his SSA benefits was anything but imminent, and not beyond his ability to control.[5] As to the latter point, we defer to the ALJ'S adverse credibility determination as to appellant's testimony, as we are obliged to "give due regard to the opportunity of the one who heard the witnesses to judge their credibility." Logan v. Bd. of Review, 299 N.J.Super. 346, 348, 690 A.2d 1125 (App.Div.1997). Appellant's argument that his GA and EA benefits were prematurely terminated finds no support in the record.
Appellant's remaining arguments presented on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
In sum, we hold that the Board's decision to include appellant's SSD benefits in estimating his countable income was not arbitrary, capricious, or unreasonable. We therefore find no reason to disturb the Board's decision.
Affirmed.
NOTES
[1] Judge Skillman did not participate in oral argument. However, the parties consented to his participation in the decision. R. 2:13-2(b).
[2] RSDI, referred to in this opinion as Social Security Disability benefits (SSD), is an acronym for Retirement, Survivors, and Disability Insurance benefits.
[3] EA benefits, which are temporary in nature, are available only to persons receiving benefits in the form of Supplemental Security Income or through the Work First New Jersey program, the State's general public assistance program through which appellant received GA benefits. N.J.S.A. 44:10-51.
[4] Although not specifically referenced in the ALJ's decision, it is noteworthy that upon receipt of the eligibility letter from the SSA, appellant failed to comply with the requirement "to report [to the Board] any change in unearned income and circumstances that could affect eligibility . . . as soon as possible. . . but in no event later than 10 calendar days of the date the change happened." N.J.A.C. 10:90-3.11(e).
[5] In his appellate brief, appellant acknowledged that subsequent to the ALJ's decision, he received all the SSD benefits due to him effective February 1, 2010.