**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3413-14T4

SUNIL K. TEWARSON,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF HUMAN SERVICES,

    Respondent.

_____

Submitted January 18, 2017 — Decided  February 22, 2017

Before Judges Fasciale and Gilson.

On appeal from the Department of Human
Services, Division of Family Development, Case
No. CS63447067A.

Sunil K. Tewarson, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Melissa H. Raksa,
Assistant Attorney General, of counsel; Gene
Rosenblum, Deputy Attorney General, on the
brief).

PER CURIAM

    Appellant Sunil Tewarson appeals from a February 6, 2015

final agency decision by the New Jersey Department of Human

Services (DHS), Division of Family Development, Office of Child

Support Services (OCSS), denying his objection to a levy placed on his bank account for failure to pay child support. Appellant contends that the levy was improper because he lost his employment for six months while incarcerated. OCSS determined that absent a court order suspending his child support obligations, such an incarceration was not grounds for objecting to a bank levy. We affirm because OCSS's determination is consistent with the governing statute and regulation and was not arbitrary, capricious, or unreasonable.

Appellant was divorced in 2012. He has three children who live with their mother, appellant's former wife. In a property settlement agreement (PSA) entered at the time of the divorce, appellant agreed to pay $200 per week in child support.

Appellant fell behind in paying child support and by November 2013, he owed over $12,000. Thus, in February 2014, a consent order was entered requiring appellant to pay his arrears at $30 per week. The consent order also increased appellant's child support to $235 per week. The weekly child support and arrears of $265 were collected by the County Probation Department through wage garnishment.

When the consent order was entered, appellant was employed as an engineer and project manager. The consent order, however, acknowledged that appellant might be incarcerated for a pending

driving while intoxicated (DWI) charge.  Appellant, therefore, reserved his right to move to modify his child support obligation should he be incarcerated.

On June 30, 2014, appellant was incarcerated following his conviction for his third DWI offense.  He served four months in jail and approximately two months in an in-patient rehabilitation facility.  Appellant represents that as a result of his incarceration and rehabilitation, he did not work and had no income between July and December 2014.  Following his release, appellant resumed working and resumed paying child support in the second week of January 2015.

As of June 2014, appellant's child support arrears were over $12,400.  He did not make any of the twenty-eight weekly child support payments between July 1, 2014, and December 31, 2014.  Consequently, appellant's child support arrears increased by over $6800 during the last six months of 2014 and, as of January 2015, he owed over $19,000 in child support.

On January 14, 2015, OCSS sent a notice informing Bank of America (BOA) that it was placing a levy on appellant's bank account.[1]  OCSS also notified appellant that a levy had been placed

---

[1] OCSS had apparently sent a prior notice of levy concerning a bank account appellant maintained at JP Morgan Chase (Chase).  OCSS states that appellant did not file a timely objection to that

on his account at BOA, and advised appellant that he could contest that levy so long as he filed the appropriate documentation within thirty days. On February 2, 2015, appellant filed a timely objection to the BOA levy. In his contest, appellant stated that he had been incarcerated between July and December 2014, that he had had no income during that period, and that his lawyer had sent a letter advising the County Probation Department of his six-month incarceration.

On February 6, 2015, OCSS notified appellant that it had reviewed, but rejected his objection to the levy. The notice also informed appellant that he owed $18,798.25 in past due child support, that BOA would be directed to turn over all monies in his account to the New Jersey Family Support Payment Center, and that he had a right to appeal. Appellant, thereafter, filed a timely notice of appeal.[2]

On this appeal, appellant, who is representing himself, argues that the levy should not have been placed on his BOA account because he was incarcerated, had no income, and his attorney had notified probation of the six-month incarceration. OCSS responds

---

levy. Thus, the levy on the Chase account is not the subject of this appeal.

[2] In accordance with N.J.A.C. 10:110-15.2(a)(4)(iii)(3), appellant's bank account remains frozen pending this appeal.

that it has been mandated with the responsibility to collect past due child support obligations, the governing regulations empower it to issue bank levies, the regulations limit the grounds for contesting levies, and appellant's objection did not satisfy any of the allowable grounds for contesting a levy. OCSS also points out that appellant could have obtained a court order suspending or modifying his child support obligations while he was incarcerated, but he failed to seek such an order.

Our review of an appeal from an administrative agency's final determination is limited. Burlington Cty. Bd. of Soc. Servs. v. G.W., 425 N.J. Super. 42, 45 (App. Div. 2012) (applying limited review to a DHS final decision). We will intervene "in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Further, reversal is warranted when an agency's decision is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)).

Federal policy reflected in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, 42 U.S.C.A. § 666(a),

was the impetus for New Jersey's enactment of the New Jersey Child Support Improvement Act (Support Improvement Act), N.J.S.A. 2A:17-56.53 and 56.57. Spuler v. Dep't of Human Servs., 340 N.J. Super. 549, 550 (App. Div. 2001). The Support Improvement Act authorizes DHS to take necessary action without a court order to recognize and enforce the authority of state agencies, including the authority to "secure assets to satisfy [child support] arrearages." N.J.S.A. 2A:17-56.53(g). "The [Support Improvement Act] authorizes DHS to conduct quarterly data matches with banks and other financial institutions based on the obligor's social security number in order to identify financial assets, and to freeze and seize the funds in order to satisfy child support arrears." Spuler, supra, 340 N.J. Super. at 550 (citing N.J.S.A. 2A:17-56.53(g)(2) and -56.57(d)).

The Financial Institution Data Match (FIDM) program, implemented by OCSS as an administrative enforcement mechanism for the collection of child support payable through probation, is triggered when "non-custodial parents . . . [] owe past due child support that equals or exceeds the amount of support payable for three months and for which no regular payments are being made." Id. at 550-51 (first alteration in original) (quoting N.J.S.A. 2A:17-56.57(a)). Once a bank levy freezing access to the funds is effectuated, the child support obligor is given notice and

6

instructed on how to contest the agency's action. See N.J.S.A. 2A:17-56.57(d) ("In response to a notice of lien or levy, a financial institution shall encumber or surrender, as the case may be, assets held by the financial institution on behalf of any noncustodial parent who is subject to a child support lien pursuant to 42 U.S.C.[A.] § 666(a)(4).").

The regulations permit an administrative contest based on six identified reasons:

> (A)  Mistaken identity;
> (B)  Incorrect arrear amount;
> (C)  Bankruptcy status;
> (D)  Joint account issues;
> (E)  Because litigation of support has been filed and is pending resolution in the appropriate court of jurisdiction; or
> (F)  Extreme hardship.
>
> [N.J.A.C. 10:110-15.2(a)(4)(iii)(1).]

Alternatively, the child support obligor can seek to obtain a court order suspending enforcement under FIDM. R. 5:7-10. It should be noted, however, that under the court rule, only the enforcement mechanisms specified by the court would be suspended:

> Unless otherwise specified in the order, all other enforcement remedies, including, but not limited to, income withholding, automatic entry of judgments, tax offset, license suspension, credit agency reporting, Financial Institution Data Match (FIDM), . . . shall continue unless the court directs otherwise.
>
> [R. 5:7-10(b).]

Here, OCSS acted in accordance with the Support Improvement Act and the regulations under that act. Appellant's asserted reasons of incarceration and notice from his counsel did not meet the regulatory criteria for the agency to cancel the levy. Moreover, the record establishes that appellant did not apply for a court order to suspend his child support obligations while he was incarcerated. The letter sent by his attorney was insufficient and did not constitute an appropriate motion. See R. 1:6-2(a) (requiring a motion be made by notice of motion that includes the time and place it is to be presented to the court, the grounds upon which it is made, and the nature of the relief sought).

Although not articulated as an extreme hardship, appellant would not meet that ground because he did not articulate any facts that would satisfy his burden to prove extreme hardship. See In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.) (holding the burden of proving an agency action is arbitrary or capricious rests on the challenging party), certif. denied, 188 N.J. 219 (2006). Indeed, appellant states that upon his release, he was able to resume work. Accordingly, we discern nothing arbitrary, capricious, or unreasonable in OCSS's final determination to enforce the bank levy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3413-14T4