**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2724-18T1

IN THE MATTER OF
JOHN P. WARNOCK

_____

Submitted November 16, 2020 – Decided December 3, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Department of Human Services, Division of Family Development, Office of Child Support Services.

Fusco & Macaluso Partners, LLC, attorney for appellant (Amie E. Dicola, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

John P. Warnock appeals from a January 14, 2019 final agency decision by the Department of Human Services, Office of Child Support Services (OCSS), which denied his challenge to its bank-account levy. Warnock's sole

contention is that this decision was arbitrary, capricious, and unreasonable.  We disagree and affirm.

Warnock owes $31,549.08 in child support.  On December 7, 2018, OCSS obtained a levy on a bank account at Lakeland Bank.  OCSS subsequently notified Warnock of its levy, informed him that he could contest it, and provided the contest form.  Warnock filed a timely contest with OCSS, checking off the "other" box and claiming the bank account's funds were proceeds from the sale of his mother's home.  As her durable power of attorney, Warnock claimed the funds were used for his mother's financial obligations.

OCSS acknowledged Warnock's contest, but requested additional information, specifically:  (1) proof of power of attorney over his mother's financial obligations; (2) proof of the sale of her property; (3) the last three months of bank statements including deposit slips; and (4) his last three pay stubs. Warnock supplied this information on January 14, 2019, and on the same day, OCSS issued its Notice of Contest Resolution and Right to Appeal.  In the Notice, OCSS denied Warnock's contest, giving two reasons:  "1) [o]utstanding arrears balance and 2) [f]ailure to pay child support as court ordered."

Warnock appealed to us.  OCSS filed a motion to remand seeking to clarify its reasons for denying Warnock's contest, and on January 7, 2020, we

granted that motion. On remand, OCSS issued a revised Notice of Contest Resolution and Right to Appeal dated February 24, 2020, which denied the contest and emphasized:

> The levy will continue. [Warnock] stated in [his] contest that [he is] Power of Attorney (POA) for [his] mother and [he] handle[s] her financial obligations, including those with funds obtained from the sale of her property. Section ii of the POA provided states that [he] can "conduct any business with any banking or financial institution . . . with respect to any of my accounts . . ." The "my" referring to [his] mother. Statements provided from the levied bank account were reviewed and found to be solely in [Warnock's] name. It is not an account in [his] mother's name that [he] accessed on her behalf nor is it a joint bank account. The proof of deposits provided were also reviewed but do not reflect the use of those funds for [his] mother's financial obligations. Therefore, the levy will continue.

On appeal, Warnock raises the following point:

POINT I

THE COURT SHOULD REVERSE THE DENIAL OF . . . WARNOCK'S CONTEST OF THE NOTICE OF BANK LEVY AND OVERTURN THE LEVY UPON . . . WARNOCK'S ACCOUNT WITH [THE] BANK BECAUSE THE DECISION TO DENY THE CONTEST WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE, GIVEN THE AMPLE DOCUMENTATION SUPPLIED BY . . . WARNOCK AND THE COMPLETE LACK OF ANY BASIS TO SUPPORT THE DENIAL OF THE CONTEST.

A-2724-18T1

Our review of an administrative agency's final determination is limited. Burlington Cty. Bd. of Soc. Servs. v. G.W., 425 N.J. Super. 42, 45 (App. Div. 2012). We will intervene "only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Brady v. Bd. Of Review, 152 N.J. 197, 210 (1997) (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). We should only reverse when an agency's decision is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

New Jersey enacted the New Jersey Child Support Improvement Act (Support Improvement Act), pertinently N.J.S.A. 2A:17-56.53 and N.J.S.A. 2A:17-56.57, which authorizes the Department of Human Services (DHS) to take action without a court order to recognize and enforce the authority of state agencies, including the authority to "[s]ecure assets to satisfy [child support] arrearages[.]" N.J.S.A. 2A:17-56.53(g). "The [Support Improvement Act] authorizes DHS to conduct quarterly data matches with banks and other financial institutions based on the obligor's social security number in order to identify financial assets, and to freeze and seize the funds in order to satisfy child support

A-2724-18T1

arrears." <u>Spuler v. Dep't of Human Servs.</u>, 340 N.J. Super. 549, 550 (App. Div. 2001) (citing N.J.S.A. 2A:17-56.53(g)(2), -56.57(d)).

As an administrative agency, OCSS uses its authority to locate financial assets when "non-custodial parents . . . who owe past due child support that equals or exceeds the amount of support payable for three months and for which no regular payments are being made." <u>Id.</u> at 551 (alteration in original) (quoting N.J.S.A. 2A:17-56.57(a)). Once OCSS effectuates a bank levy freezing access to funds, the child support obligor is given notice and instructed that he or she may contest OCSS's action. <u>See</u> N.J.S.A. 2A:17-56.57(d).

Here, OCSS had the statutory authority to levy the bank account, and it provided Warnock with a notice of levy, as well as the contest form. After Warnock contested by claiming the funds were proceeds from the sale of his mother's home and for her care, OCSS requested further information, which it reviewed prior to issuing its Notice of Contest Resolution and Right to Appeal. On remand, OCSS issued a revised Notice and clarified its reasoning for denying Warnock's contest. Warnock failed to address the revised notice in his merits brief. Moreover, there is no evidence in this record establishing that his mother jointly owns the bank account, nor evidence showing that the charges in the bank statements were for his mother's care. Applying our settled standard of review,

we therefore conclude OCSS did not act arbitrarily, capriciously, or unreasonably.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION