**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1708-16T2

IN THE MATTER OF
ERIC HANDELMAN,
NEW JERSEY DEPARTMENT
OF TRANSPORTATION.

_____

Argued May 2, 2018 — Decided June 25, 2018

Before Judges Fuentes, Koblitz, and Suter.

On appeal from the Civil Service Commission, Docket No. 2016-718.

Daniel J. Zirrith argued the cause for appellant Eric Handelman (Law Offices of Daniel J. Zirrith, LLC, attorneys; Daniel J. Zirrith, of counsel and on the brief).

Joshua Cohn, Deputy Attorney General, argued the cause for respondent New Jersey Department of Transportation (Gubir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Nonee Lee Wagner, Deputy Attorney General, on the brief).

Gubir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Alan C. Stephens, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Eric Handelman appeals the November 30, 2016 Final Administrative Action of the Civil Service Commission (Commission) that denied reconsideration of a five workday suspension imposed by the Department of Transportation (DOT) against Handelman. We affirm the Commission's final agency decision.

I

Handelman was DOT's Ethics Liaison Officer (ELO), within DOT's Office of Inspector General (OIG), when Johanna Jones became the Inspector General in July 2012. She met weekly with Handelman beginning in October 2012, to ensure that his work aligned "with OIG priorities." He prepared materials for the meetings that reported on the status of various types of ethics requests he received from DOT employees for review as ELO. Jones said later that Handelman did not advise her of any backlog in these reviews.

On July 17, 2013, DOT's Human Resources Director Jeanne Victor and Lisa Webber, a Human Resources Manager, told Jones that Handelman "had not been leading ethics training for new employees since October 2012," which meant that from October 2012 to July 2013, DOT's 119 new employees had not had ethics training. Shortly after this, Jones told Handelman to "remediate his omission" and by early August 2013, he was provided with a spreadsheet of DOT's employees who needed ethics training.

In September 2013, Handelman voluntarily transferred out of the OIG to DOT's Right of Way section. Jones gave him a calendar that showed his responsibilities for the transition so there would be an "orderly departure." They agreed Handelman would be responsible for completing the ethics requests he received for review before October 4, 2013, but that requests received after that date would be completed by OIG.

On October 9, 2013, while cleaning out Handelman's office, OIG staff discovered 1267 unfinished ethics request forms, submitted to him by DOT employees. These included outside activity questionnaires, requests for attendance at events, supervisor conflicts of interest, and pre-hire ethics questionnaires. Jones also learned that the 119 employees hired from October 2012 to July 2013, had not yet had ethics training.

On March 6, 2014, DOT served Handelman with a Preliminary Notice of Disciplinary Action (PNDA), seeking his suspension for ten days. Although the PNDA was amended three times after that, each PNDA charged him with neglect of duty, N.J.A.C. 4A:2-2.3(a)(7) and insubordination, N.J.A.C. 4A:2-2.3(a)(2). The incidents giving rise to the charges were that he had not performed basic job responsibilities and did not remediate the deficiencies after instructed to do so. The third PNDA dated November 26, 2014, stated that

> [i]t was discovered on October 9, 2013, after
> you transferred to another Bureau, that you
> had neglected your duties: leaving a
> significant amount of incomplete work that you
> did not bring to the attention of your
> supervisor. You not only neglected your
> duties by leaving incomplete work, but you
> were insubordinate when you failed to provide
> ethics training to new hires, and failed to
> complete the processing of Employee's
> Certification of Outside Employment or
> Activities (PR-102) forms received prior to
> your transfer. Either act alone demonstrates
> insubordination.

In May 2014, DOT provided Handelman with the documents it would rely on at the departmental hearing and a list of its potential witnesses. The materials included a factual summary by Inspector General Jones that included a description of the 1267 "Undisclosed & Incomplete Work Items" and the names of the employees who submitted the forms.[1] Handelman asked for "specific document discovery," which included a copy of each of the 1267 incomplete forms, but by that time, DOT had completed the work and filed the forms in the employees' personnel files. DOT advised Handelman that personnel records were confidential and their review and redaction "is burdensome." DOT offered Handelman copies of completed forms in a "sampling of [five] employees, of your

---

[1] The forms included 425 Outside Activity Questionnaires (PR-102) forms; 7 Requests for Attendance at Events (AD-270) forms; 88 Supervisory Conflicts of Interest (PR-99) forms; 502 Ethics Plain Language/Ethics Code forms; and 245 Pre-Hire Ethics Questionnaires, for a total of 1267.

choosing, if that is of assistance to you." Handelman declined, advising it is "pointless for my defense at a hearing."

A departmental hearing was conducted on December 17, 2014. Handelman blamed the Human Resources section for not notifying him about the new hires. He told the Hearing Officer that he had lost his administrative assistant in May 2013, and "[t]he increased workload was difficult to manage." The Hearing officer related that Handelman,

> stated he was one person with no staff. Inspector General Jones had removed all administrative help from him and he was overwhelmed with work. As a result[,] he did not notice that there was a lengthy period of time building up where new employees had not been trained. Appellant stated that once he found out about the untrained employees[,] he acted quickly to identify and remedy the situation.

Management told the Hearing Officer that Handelman never sought out extra resources or indicated he was overwhelmed with work.

The Hearing Officer's findings were summarized in his "Departmental Disciplinary Decision" issued January 31, 2015. He rejected DOT's charge of insubordination because DOT had not proven Handelman had been given any specific orders to complete the ethics forms. The Hearing Officer found "credible evidence of neglect of duty in both the new employees not receiving ethics training and the failure to fully process the required forms." The Hearing

Officer had "sympathy" for Handelman's argument that he was not aware a training gap was developing, but as the gap grew greater, the ELO was responsible to "recognize that a critical need was not being met" especially once the OIG, where Handelman worked, received five new employees. The Hearing Officer found the ELO had to be "proactive to ensure compliance" because ethics training was "critical."

The Hearing Officer found Jones's testimony to be credible about work that was not completed. He found there were a substantial number of form requests that Handelman had not completed. The Hearing Officer recommended a five-day suspension "[g]iven the importance of the role of the ELO."

Handelman appealed the suspension to the Commission. It affirmed on June 23, 2015, finding there was no evidence the Hearing Officer's credibility judgments were motivated by "invidious discrimination" or were in violation of the Civil Service Rules, and that the record supported a lack of abuse of discretion by the appointing authority.

Handelman asked for reconsideration on August 1, 2015, which was denied by the Commission in its Final Administrative Action dated November 30, 2016. It found "not one scintilla of evidence" that the departmental hearing was motivated by invidious discrimination or conflicted with the Civil Service Rules.

On appeal, Handelman contends that he was denied a fair hearing in two ways. He argues DOT violated its own policies that mandated a timely investigation and the right to receive notice of the allegations being investigated prior to discipline. He argues the hearing was not fair because DOT denied discovery of the 1267 ethics forms it claimed he did not complete. Handelman further contends his suspension should be reversed because it was based on a claim that was raised for the first time at the hearing. We reject these arguments as lacking merit.

II

We will not interfere with an agency's final decision unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980). See Russo v. Bd. of Trs., 206 N.J. 14, 27 (2011). Substantial evidence means "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Public Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961) (quoting In re Application of Hackensack Water Co., 41 N.J. Super. 408, 419 (App. Div. 1956)). We are not, however, bound by the "agency's interpretation of a statute or its determination of a strictly legal issue." Lourdes Med. Ctr. of Burlington Cty. v. Bd. of Review, 197 N.J. 339, 361 (2009).

Here, Handelman appeals from the Commission's final decision that denied his request for reconsideration. There was nothing arbitrary, capricious or unreasonable about the Commission's decision to deny reconsideration or to affirm the five-day suspension for neglect of duty. See N.J.A.C. 4A:2-1.6(b) ("A petition for reconsideration . . . must show . . . [t]he new evidence or additional information not presented at the original proceeding, which would change the outcome and the reasons that such evidence was not presented at the original proceeding; or [t]hat a clear material error has occurred").

Handelman not only failed to present any new information to the Commission, but there was sufficient evidence to support the Commission's decision through the testimony of Inspector General Jones that Handelman did not complete work submitted to him as ELO before his transfer. The Hearing Officer found Jones's testimony to be credible. "We . . . give due regard to the agency's credibility finding." Ardan v. Board of Review, 444 N.J. Super. 576, 584 (App. Div. 2016), aff'd in part, rev'd in part, 231 N.J. 589 (2018). Handelman never rebutted Jones's testimony with other evidence or testimony; his testimony to the Hearing Officer was that he was overwhelmed with work once he lost his assistant.

Handelman contends the hearing was unfair because he was not permitted discovery of the unfinished ethics forms. The forms

were completed by DOT by the time the PNDA was issued and Handelman requested discovery. In May 2014, DOT gave Handelman all the material that it intended to rely on at the hearing. This included Jones's detailed factual summary and the names of the employees whose forms Handelman had not completed. He was offered a sample of the completed forms, but declined them. We discern no violation of due process by this discovery process.

This case is not like High Horizons Dev. Co. v. State, 120 N.J. 40, 53 (1990), cited by Handelman. There, the agency listed in its Statement of Items Comprising the record, documents that had not been disclosed to High Horizons. The Court held that "an agency is never free to act on undisclosed evidence that parties have had no opportunity to rebut." High Horizons, 120 N.J. at 53 (citing Brotherhood of R.R. Trainmen v. Palmer, 47 N.J. 482, 487 (1966)). Here, the incomplete forms no longer existed.

There also was sufficient evidence to support the finding that Handelman neglected his duty by not providing ethics training for the new employees. According to the factual summary of the Inspector General's report against Handelman, the OIG was responsible to "achieve and maintain Department-wide compliance with all applicable ethics laws and policies." The ELO was the "primary ethics analyst for [DOT] with program responsibility for the Ethics Unit." One of his job responsibilities according to

his Performance Assessment Review (PAR) was to "[a]chieve 100% Departmental compliance with ethics requirements." Therefore, it was not arbitrary, capricious or unreasonable for the Commission to accept the Hearing Officer's finding that Handelman should have found out about the need to train new hires either through his superior or through Human Resources.

Handelman argues that the Commission did not apply the law properly because DOT violated its procedures requiring a timely investigation before taking disciplinary action. He relies on a passage from DOT's Policy No. 532 from 2008 that says "[e]very alleged breach of discipline shall be investigated, including an opportunity for the accused to explain his/her actions."

We defer to the agency's interpretation of its policy. See Ciesla v. N.J. Dep't of Health & Sr. Servs., 429 N.J. Super. 127, 148 (App. Div. 2012) ("It is settled that [a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference"). Handelman had notice and an opportunity for a hearing. DOT conducted a timely investigation and Handelman had a full opportunity to explain his actions at the departmental hearing.

Handelman argues that his suspension was based on a new charge raised at the hearing that he neglected his duty by not providing

10                                                    A-1708-16T2

ethics training for new hires between October 2012 and July 2013. The evidence was that new hires during this period did not receive this training, and once the Hearing Officer determined the ELO was responsible, the lack of training was just other work that was incomplete. He was well aware he was charged with neglect of duty.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1708-16T2