**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0826-17T2

SABRINA MEDINA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR and
MCLOONE'S WEST ORANGE, LLC,

     Respondents.

_____

Submitted November 28, 2018 – Decided  December 17, 2018

Before Judges Koblitz and Mayer.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 104,736.

Krakower DiChiara LLC, attorney for appellant (Michael R. DiChiara, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Shaffer, Assistant Attorney General, of counsel; Christopher W. Weber, Deputy Attorney General, on the brief).

Respondent McLoone's West Orange LLC, has not filed a brief.

PER CURIAM

Petitioner Sabrina Medina appeals from a final agency decision of respondent Board of Review (Board), disqualifying her from receipt of unemployment benefits. We reverse.

Medina worked as a sous-chef at respondent McLoone's West Orange LLC (McLoone's) from May 2013 until October 2016. On September 21, 2016, Medina resigned from her position based on discriminatory treatment and retaliation.

About five months before Medina resigned, McLoone's hired a new general manager. According to Medina, the new general manager was excessively aggressive. Medina claimed the new general manager treated her differently. For example, the general manager stated she was unsure Medina could be trusted with workplace information. The general manager also suggested Medina act "bitchier" and "cuntier" to gain respect in the male dominated restaurant business. When Medina complained to McLoone's executive chef about the general manager's harassing conduct, the chef responded that the general manager "does not do well with other women."

Around the same time, May 2016, McLoone's had a sewage back up in the restaurant, causing unsafe conditions and potential health risks for workers and customers. Medina refused to work in unsafe conditions or serve food to patrons under the circumstances. In a formal email, McLoone's management expressed disappointment in Medina's decision to forego working based on the restaurant's condition.

According to Medina, because she refused to work in unsafe conditions at the restaurant, she was excluded from meetings, required to work erratic shifts, and overlooked for a promotion. The McLoone's managers told Medina she did not receive the promotion because of her gender and young age.

Medina did not want to leave her job at McLoone's. However, the stress of working under harassing and retaliatory conditions became overwhelming and negatively impacted Medina's general health and ability to sleep.

After she left the job, Medina filed a civil action against McLoone's, alleging discrimination and retaliation. The civil action resolved and Medina is precluded from providing any further information on that matter.

Medina also applied for unemployment benefits. A deputy with the Department of Labor and Workforce Development (Department) disqualified her from collecting benefits based on a determination that she left work

3

voluntarily without good cause attributable to the work.  See N.J.S.A. 43:21-5(a).

Medina administratively appealed the Department's denial of unemployment benefits to an Appeal Tribunal.  The Tribunal heard testimony from Medina.  No one from McLoone's attended the hearing.

The appeals examiner for the Tribunal found Medina never filed any formal complaints regarding her treatment by superiors at McLoone's prior to her resignation.  In addition, the examiner did not find the comments and actions of the new general manager "exceeded the bounds of reason" and thus did not constitute harassment.  Further, the examiner concluded that neither "the employer's refusal to commit itself to promote [Medina] nor [Medina's] dissatisfaction with her present position [was] good cause for leaving attributable to the work under the statute."  In disqualifying Medina from receipt of benefits, the examiner wrote:

> There has been no testimony presented showing the relationship [between Medina and the new general manager] to be abnormal or to have affected a condition of health.  Thus, mere animosity between [Medina] and her new general manager, whether real or imagined, does not constitute good cause for leaving work voluntarily.  [Medina] left due to mere dissatisfaction with her working conditions which are not shown based upon the testimony presented to be abnormal or to have affected [Medina's] health[.] . . . [Medina] has an

4

obligation to do those things reasonably calculated to relieve her of the condition or complained of circumstances. [Medina] must make reasonable efforts to preserve her job before she may be considered as justified in quitting. . . . [Medina] cannot [ ] leave work even if a cause which is good cause attributable to such work exists unless she makes a reasonable effort to adjust that grievance. [Medina] failed to make such attempts.

Medina appealed the Tribunal's determination to the Board. The Board summarily affirmed the Tribunal's decision, disqualifying Medina from receipt of benefits because she left work without good cause attributable to such work contrary to N.J.S.A. 43:21-5(a).

On appeal, Medina argues she left her job for good cause attributable to the work and thus qualified for benefits. Our review of an administrative agency's final decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We reverse an agency's determination only if it is arbitrary, capricious, unreasonable, or unsupported by substantial credible evidence. Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could

reasonably so conclude upon the proofs." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

We owe considerable deference to the Board in administering our state's unemployment compensation laws. Ibid. Nevertheless, based on the discrete facts in this case, we conclude the agency misapplied the relevant legal standards and acted arbitrarily, capriciously, and unreasonably in rejecting Medina's claim for unemployment benefits.

"Good cause" is not defined in N.J.S.A. 43:21-5(a). However, "our courts have construed [the phrase] to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Ardan v. Bd. of Review, 444 N.J. Super. 576, 585 (App. Div. 2016) (quoting Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983)). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute 'good cause' for leaving work voluntarily." Associated Utility Servs. v. Bd. of Review, 131 N.J. Super. 584, 587 (App. Div. 1974) (quoting Zielinski v. Bd. of Review, 85 N.J. Super. 46, 54 (App. Div. 1964)). "In scrutinizing an employee's reason for leaving, the test is one of ordinary common sense and prudence." Domenico, 192 N.J. Super. at 288. In addition, the decision to leave employment "must be

compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Brady, 152 N.J. at 214 (quoting Domenico, 192 N.J. Super. at 288).

Acts constituting harassment, racial prejudice, and gender bias "directed to an employee are abnormal working conditions and constitute good cause for that employee to voluntarily leave her employment." Doering v. Bd. of Review, 203 N.J. Super. 241, 246 (App. Div. 1985). In Doering, we held sexual harassment and racially prejudicial and gender biased comments "cannot be condoned in any place of employment." Id. at 246.

Here, the appeals examiner did not find incredible Medina's testimony that the new general manager told her to act "bitchier" and "cuntier" to succeed as a female in the restaurant industry. Further, there was no testimony contradicting Medina being asked about her age when she interviewed for a promotion. In addition, it was undisputed Medina experienced abrupt shift changes and exclusion from meetings after she refused to work under unsanitary and unsafe conditions.

Having reviewed the record, the appeals examiner's decision, summarily affirmed by the Board, was unsupported based on the credible and uncontroverted evidence presented by Medina during the hearing. Medina left

the job due to a hostile work environment at McLoone's, age and gender discrimination, and retaliation. The working conditions experienced by Medina are abnormal and her decision to leave McLoone's was based on circumstances that were real and not imaginary.

In addition to the abnormal conditions she endured while working at McLoone's, Medina told the appeals examiner her health had been adversely affected. Medina presented uncontroverted testimony that she became stressed and lost sleep as a result of the working conditions at McLoone's. Yet, the examiner found Medina suffered no health consequences.

We also disagree with the Board's conclusion that Medina had to take some action to be entitled to receipt of benefits. Medina was not required to take action by filing a formal grievance or complaint against McLoone's to be entitled to unemployment compensation benefits. See Doering, 203 N.J. Super. at 248. While the failure to report harassing and retaliatory conduct "may be relevant and probative on the bona fides of [the] claim, it certainly does not in and of itself disqualify [the claimant] from receiving benefits nor does it prove that the reason [for quitting] was not sufficient to constitute 'good cause attributable to such work.'" Id. at 248-49 (quoting Londo v. Bd. of Review, 158 N.J. Super. 172, 175 (App. Div. 1978)).

Medina complained to McLoone's executive chef about the new general manager and her discriminatory, harassing, and retaliatory conduct. In addition, Medina filed a civil action against McLoone's, alleging discrimination and retaliation. Having reviewed the record, we are satisfied Medina left her job under the "pressure of circumstances which may reasonably be viewed as having [been] compelled" by McLoone's discriminatory conduct and other adverse conditions of the job. Brady, 152 N.J. at 212-13. We reverse the Board's determination summarily affirming the decision of the Appeal Tribunal and remand the matter to the Board to determine the unemployment compensation benefits to be paid to Medina.

Reversed and remanded for the Board to enter relief in favor of Medina consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION