**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2228-24

BESSY BALLESTEROS,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
SAMSUNG ELECTRONICS
AMERICA, INC., and
COADVANTAGE
RESOURCES 72, INC.,

     Respondents.

_____

Submitted January 14, 2026 – Decided April 1, 2026

Before Judges Smith and Jablonski.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 363252.

Bessy Ballesteros, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant

Attorney General, of counsel; Rimma Razhba, Deputy
Attorney General, on the brief).

PER CURIAM

Bessy Ballesteros appeals the final administrative decision (FAD) of the Commissioner of the Board of Review, claiming that the Board was arbitrary and capricious in determining her base year period, a determination which established her unemployment compensation payment.  We affirm.

Ballesteros was employed by Samsung in sales and marketing for over nineteen years.  Her employment there ended on December 30, 2022.  Ballesteros then worked as a product manager for another employer, Coadvantage Resources 72, Inc., between July 5, 2023 and January 2, 2024.  After leaving her position at Coadvantage Resources, Ballesteros filed a claim for unemployment benefits on January 5, 2024.[1]  Unbeknownst to her, Department of Labor regulations, N.J.A.C. 12:17-5.1, mandated that the January 5, 2024 filing carried an effective filing date of December 31, 2023.  The Deputy of the Division of Unemployment Insurance responded in a letter that same day, determining that her claim for unemployment benefits was valid.  The Division

---

[1]  This was the second unemployment compensation claim filed by Ballesteros in a little over a year.  She had filed an unrelated claim on January 1, 2023 which resulted in a monetary award.

A-2228-24

found Ballesteros was entitled to a weekly benefit rate of $830.00, and a maximum benefit amount of $13,280.

Ballesteros appealed the Deputy's determination on January 17, 2024. The Appeal Tribunal conducted a telephonic hearing on September 11, 2024. Ballesteros was the sole witness, and she challenged the Division's base year calculations. She testified that when she filed for unemployment on January 5, 2024, she was unaware that her claim would be retroactive to December 31, 2023. She sought to have her unemployment compensation claim based on the first alternate base year period from October 1, 2022 through September 30, 2023, rather than the regular base year period from July 1, 2022 through June 30, 2023. The hearing officer rejected her argument. In an initial decision issued September 12, 2024, the hearing officer affirmed the Deputy's decision. The officer noted that unemployment claims are effective as of the Sunday of the week in which they are filed. The hearing officer found that, since Ballesteros filed a claim on January 5, 2024, her claim was effective as of December 31, 2023, the prior Sunday. The hearing officer determined that the award complied with the applicable Department of Labor regulation. Ballesteros appealed the initial decision to the Board of Review.

The Board affirmed in a FAD dated January 10, 2025. Reviewing the record, the Board found there was "no valid ground for a further hearing." The

3

Board further found that Ballesteros's employment with Coadvantage Resources 72 from July 1, 2023 to December 31, 2023 could not be used to calculate benefits, because "such employment is outside of the regular base year of the claim dated December 31, 2023 and cannot be used to establish her monetary entitlement as she qualified for a valid claim in such period." Ballesteros appeals the FAD, arguing that the Board improperly calculated her unemployment benefits.

Our scope of review of an administrative agency's final determination is strictly limited. Ardan v. Bd. of Rev., 444 N.J. Super. 576, 584 (App. Div. 2016). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable, or inconsistent with the applicable law. Parascandolo v. Dep't of Lab., Bd. of Rev., 435 N.J. Super. 617, 631 (App. Div. 2014); Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported by sufficient credible evidence, [we] are obliged to accept them." Ardan, 444 N.J. Super. at 584 (alteration in original) (quoting Brady, 152 N.J. at 210) (internal quotation marks omitted). Thus, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the fact finder could reasonably so conclude upon the proofs." Futterman v. Bd. of Rev., Dep't of

4

Lab., 421 N.J. Super. 281, 287 (App. Div. 2011) (quoting Brady, 152 N.J. at 210). We must "give due regard to the opportunity of the one who heard the witnesses to judge their credibility." Burlington Cnty. Bd. of Soc. Servs. v. G.W., 425 N.J. Super. 42, 47 (App. Div. 2012) (quoting Logan v. Bd. of Rev., 299 N.J. Super. 346, 348 (App. Div. 1997)).

Ballesteros argues that the Board erred by "using the [third] and [fourth] quarters of 2022, and the [first] and [second] quarters of 2023" to calculate her unemployment benefits for the claim she submitted on January 5, 2024. She contends that the fourth quarter in 2022 and the first three quarters of 2023 should have been used to calculate her benefits. We are unpersuaded, as the governing regulations compel the result reached by the Board.

Two regulations govern the outcome here.

N.J.A.C. 12:17-4.2(a) states:

> The effective date of an initial claim for benefits is the Sunday of the week in which the claimant first reports to claim benefits. The effective date of the initial claim establishes the period of time during which wages may be used to determine the monetary eligibility.

N.J.A.C. 12:17-5.1(a) states in relevant part that an individual shall be eligible for benefits:

> [d]uring his or her base year period, consisting of the first four of the most recent five completed calendar

quarters preceding the date of the claim, [if the individual has] met the following requirements:

> 1. Established 20 base weeks as defined at N.J.S.A. 43:21-19(t)(3) as an amount equal to 20 times the State minimum hourly wage; [or]
>
> 2. If the individual has not met the above requirement in (a)1 above, he or she must have earned an amount equal to 1,000 times the State minimum hourly wage.

We start with the base year calculation.

Ballesteros filed for benefits on January 5, 2024, however N.J.A.C. 12:17-4.2(a) requires that her claim have an effective date of December 31, 2023. Under N.J.A.C. 12:17-5.1(a), her initial base year period is July 1, 2022 through June 30, 2023. These dates represent the first four of the most recent five completed calendar quarters preceding the date of the claim, as required by the regulation. The analysis cannot end here on the question of the base year calculation, because Ballesteros used one of those quarters, July 1, 2022 through September 30, 2022, in her prior January 1, 2023 unemployment claim. The record shows that the remaining quarters eligible for consideration leave her with an established sixteen base weeks of employment, with total wages of $98,075.

6

Turning to the benefit determination, we consider the portion of the Board's decision which calculates Ballesteros's weekly benefit.

> N.J.S.A. 43:21-3(c) provides that an individual's weekly benefit rate shall be 60 percent of [their] average weekly wage . . . but not more than 56 2/3 percent of the statewide average wage paid to workers subject to the law, which is $830 for claims filed in 2023. By dividing the wages of $98,075 by 16 base weeks, the claimant's average weekly wage was $6,129.68. The weekly benefit rate is $830 (maximum for claims filed in 2023).

Two predicate steps make the above calculation possible. First, resolution of the effective date of Ballesteros's claim leads to correct identification of the base year. Next, with the base year established, it was proper for the Board to account for, and remove, a base year quarter which had been utilized in a prior claim. We conclude the Board had substantial credible evidence in the record to support its findings and properly applied the law to reach its determination.

Ballesteros' argument for use of an alternative base year is without merit, as the record shows that she had sufficient qualifying weeks in her base year to qualify for benefits. On this record, an alternative year is not an option for use in calculating her benefits. See N.J.S.A. 43:21-19(c)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division